# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JACK AND SCHELITTA BATTISTE** | * | **CIVIL ACTION NO.:** _____ |
|     **Plaintiffs** | * | |
| | * | **DIVISION:** \_\_\_\_\_ |
| **VERSUS** | * | |
| | * | **SECTION:** \_\_\_\_\_ |
| **THE SEWERAGE & WATER BOARD** | * | |
| **OF NEW ORLEANS AND GHASSAN KORBA** | * | **DISTRICT JUDGE:** _____ |
| **IN HIS OFFICIAL CAPACITY AS THE DIRECTOR** | * | |
| | * | **MAGISTRATE:** _____ |
| | * | |
|     **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT AND APPLICATION FOR INJUNCTION, DECLARATORY RELIEF, AND DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiffs, Jack and Schelitta Battiste (*hereinafter* "**Battiste**"), who respectfully submits this Original Verified Complaint and Application for Injunction, Declaratory Judgment, and Damages against the Sewerage & Water Board of New Orleans and its director in his official capacity, Ghassan Korba (*hereinafter* "**SWBNO**").

In support of its Complaint, Plaintiff alleges the following:

### PRELIMINARY STATEMENTS

1. SWBNO, according to its website, provides the City of New Orleans with "water, drainage, and sewerage facilities 24 hours a day, 365 days a year, where and when they are needed."

2. SWBNO employs policies and customs to systematically overcharge Orleans Parish residents for water and sewerage services. To those residents who assert their right

2. to object to the wildly overcharged fees, the SWBNO does little to nothing to properly investigate the clearly erroneous bills. While SWBNO is unable or unwilling to properly bill Orleans Parish customers, the SWBNO is very adept at filing false credit reports and removing water meters in a manner which deprives Orleans Parish customers of property rights without due process.

3. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

4. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* §1692(e). After determining that the existing consumer protection laws were inadequate, *id.* §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §1692k.

5. ABC Collection Agency undertakes collection efforts in a manner that trample over the laws set forth in the FDCPA.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this class action under 28 U.S.C. §1331, 15 U.S.C. §1692

*et seq.* and 28 U.S.C. §2201.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## NATURE OF THE ACTION

8. This action arises under the United States Constitution. Specifically, the action arises under Fourth Amendment and the Due Process Clause of the Fourteenth Amendment and is brought pursuant to 42 U.S.C. §§1983 et seq. and 1988, which establish a federal court remedy for constitutional violations.

9. Further, Plaintiffs bring this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

10. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

11. Petitioners, Jack and Schelitta Battiste ("**Battiste**"), own the property located at 1025 Tupelo Street in New Orleans, Louisiana 70017.

12. Made defendants in this proceeding are:

    **The Sewerage & Water Board of New Orleans**, a political subdivision of the State of Louisiana, subject to suit, and its director in his official capacity, Ghassan Korba (*collectively referred to hereinafter* "**SWBNO**") On information and belief, Rachelle Gill ("**Gill**") was and is an employee of SWBNO. Additionally, Jane Doe ("**Doe**") was and is an employee of SWBNO; and,

**ABC Collection Agency**, a company believed to be doing business in the Parish of Orleans, State of Louisiana as a debt collector for SWB (*referred to hereinafter as* "**ABC**").

## ALLEGATIONS OF FACT

13. Petitioner owns the immovable property located 1025 Tupelo Street, New Orleans, Louisiana 70117 (the "**Property**").

14. At all times relevant herein, SWBNO provided water and sewer services to the Property.

15. SWBNO is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. From February 2022 through July 2022, Petitioner received notices and bills from the SWB for services to the Property.

17. On or about March 9, 2022, following receipt of a bill in the amount of THREE THOUSAND SEVENTY-FIVE DOLLARS AND 18/100 ($3,375.18) Battiste presented at the offices of SWBNO and disputed the bill and requested an investigation and hearing. (Exhibits "1" – SWB March 2022 bill; Exhibit "2" – SWBNO bill dispute process.)

18. On June 9, 2022, SWBNO notified the Petitioner that on March 22, 2022, the water meter was inspected and working. (Exhibit "3" – SWB Investigation letter).

19. In July 2022, Battiste received another bill from SWB that demonstrated an increase despite not having a water meter. (Exhibits "4" – SWB August 2022 bill).

20. However, during the time from March 2022 through June 2022, the SWBNO removed the water meter at the Property and without notice to Petitioner.

21. No administrative hearing was ever conducted despite being requested on March 9, 2022.

22. Prior to the March 9, 2022, bill, Petitioner made good faith payments on new charges to the account.

23. On information and belief, without notice of the findings of the investigation and giving Complainant written notice of their right to request an appeal before SWBNO's administrative hearing officer, SWBNO sent the disputed bills to collection violating its own administrative procedures and Petitioner's due process rights causing damages and irreparable harm.

24. Petitioners' right to an appeal were not protected or acknowledged by SWBNO prior to the drastic measurement of removing the meter and sending the alleged amount owed to collections.

25. The Property served as an additional source of revenue for the Petitioners, but since the unlawful removal of the water meter it has rendered the Property uninhabitable.

## CLASS ALLEGATIONS

26. Plaintiffs bring this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

    a. Class A consists of (a) all individuals that utilize the municipal services of the New Orleans Sewerage and Water Board; (b) to whom Defendants; (c) sent an invoice for that has no rational bases for usage (a "high bill"); (d) that after an investigation or review remains without explanation or support of the usage.

    b. Class B consists of (a) all individuals that utilize the municipal services of the New Orleans Sewerage and Water Board; (b) to whom Defendants; (c) sent an invoice for that has no rational bases for usage (a "high bill"); (d)

> the Defendants had services to the property discontinued, turned off, or the water meter removed.
>
> c. Class C consists of (a) all individuals that utilize the municipal services of the New Orleans Sewerage and Water Board; (b) to whom Defendants; (c) sent an invoice for that has no rational bases for usage (a "high bill"); (d) the Defendants turned the account over to a collections facility that reported the alleged debt.

27. The identities of all class members are readily ascertainable from the records of Defendants.

28. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members.

29. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

30. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

31. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well- defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all

members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I
## SUBSTANTIVE DUE PROCESS VIOLATIONS

34. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

35. SWBNO, Gill, and/or Doe discontinued service to the Property without sufficient notice and due process to Petitioner.

36. Courts have determined that utility service is a necessity of modern life, and there is a constitutionally protected right to continued utility service. *See, generally, Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14, 98 S. Ct. 1554, 1563, 56 L. Ed. 2d 30 (1978)

37. Before terminating utility service, the service provider must provide notice reasonably calculated to inform those receiving utilities of the opportunity to present their objections to their bills. *See, Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1,

14, 98 S. Ct. 1554, 1563, 56 L. Ed. 2d 30 (1978), *citing, Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

38. The required notice is more than notice to apprise of the threat to terminate service; rather, the required notice must apprise the affected individual of the availability of a procedure to protest a proposed termination. *Id.*

39. Before the services of SWBNO were discontinued at the Property, SWBNO failed to provide Petitioner notice of procedure to protest the excessive bills of SWBNO.

40. What is more, the SWBNO failed to have a hearing for Petitioner to present objections to excessive billings after Petitioner personally appeared at SWBNO to apprise SWBNO of their objections to the excessive bills.

41. As a direct and proximate result of the above referenced unlawful, excessive, unwarranted, unprovoked and malicious abuse of authority by Gill and/or Doe, committed under color of law and while using the badge of their authority as an employee of the SWBNO, Petitioner suffered grievous mental anguish and was deprived of his clearly established rights to be free from arbitrarily, oppressively, and egregiously exercised government power under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

42. SWBNO, Gill, and/or Doe could not have reasonably believed that the seizure of Complainant's water meter was consistent with Complainant's clearly established Fourth Amendment rights to not be deprived of his rights Due Process and his right to be free of arbitrary and oppressive exercises of government power.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692e** *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above

    herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiffs violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

45. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. The Defendant violated said provision by:

    a.  Falsely representing the amount of the debt in violation of 15 U.S.C. §1692e(2);

    b.  Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    c.  Using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e(10).

47. By reason thereof, Defendants are liable to Plaintiffs for judgment that Defendants' conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f** *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set

forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

50. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA.

## DEMAND FOR TRIAL BY JURY

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays for a judgment against Defendants as follows:

(a) Awarding Plaintiffs statutory damages;

(b) Awarding Plaintiffs actual damages;

(c) Awarding Plaintiffs costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

**<<SIGNATURE BLOCK>>**

R.J. Ellis Law Firm

**/s/ ROBERT J. ELLIS, JR.**
**ROBERT J. ELLIS, JR (#26022)**
650 POYDRAS STREET, Suite 2615
New Orleans, LA 70130
(504) 534.8399 – PHONE
(866) 596.2066 – FAX
Bob@RJEllis.com

GALANTE & BIVALACQUA
SALVADOR I. BIVALACQUA (#26803)
WILL C. GRIFFIN (#36864)
**Galante & Bivalacqua LLC**
650 Poydras Street, Suite 2615
New Orleans, LA 70130
sib@gb-lawfirm.com
wcg@gb-lawfirm.com
Telephone (504) 648-1858
Facsimile (504) 561-0559